IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA <br> Plaintiff, <br><br> v. <br><br> $46,640.00 IN UNITED STATES CURRENCY, <br> Defendant. | § <br> § <br> § <br> §   Civil No. 1:23-cv-00326 <br> § <br> § <br> § <br> § <br> § |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

In accordance with Fed. R. Civ. P. Supplemental Rule G(2), the United States of America, Plaintiff, brings this complaint and alleges as follows:

Nature of the Action

1.  This is an action to forfeit property to the United States pursuant to 21 U.S.C. § 881(a)(6).

Defendant In Rem

2.  The property is $46,640.00 in United States Currency (Defendant Property).  Deputies with the Jefferson County Sheriff's Office seized the Defendant Property on March 23, 2023.  The Defendant Property is currently in the custody of the United States Marshals Service.

Jurisdiction and Venue

3.  The Court has subject matter jurisdiction over an action commenced by the United States pursuant to 28 U.S.C. § 1345, and over an action for forfeiture pursuant to

Verified Complaint – Page 1

28 U.S.C. § 1355(a).

4. The Court has in rem jurisdiction over the Defendant Property pursuant to 28 U.S.C. § 1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

5. Venue is proper in this district pursuant to 28 U.S.C. §1355(b)(1)(A) because acts or omissions giving rise to the forfeiture occurred in this district.

Basis for Forfeiture

6. The Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (i) money, negotiable instruments, securities and other things of value furnished and intended to be furnished in exchange for a controlled substance in violation of the Controlled Substances Act; (ii) proceeds traceable to such an exchange; or (iii) money, negotiable instruments, and securities used and intended to be used to facilitate a violation of the Controlled Substances Act.

Facts

7. On March 22, 2023, Jefferson County Sheriff's Officer conducted a traffic stop on a Ford Expedition on IH 10 at Major Drive, Beaumont, Jefferson County, Texas. The driver was identified as Byron Jaquin Hills, and the passenger was identified at Rondell Jerome Smith.

The Deputy made contact through the passenger side window and explained to the driver, Hills, that he was speeding and driving in the left lane without passing. The Deputy asked Hill for the vehicles insurance and Smith provided him with the Hertz rental paperwork. Hill also provided a Texas Driver's license. The Deputy asked Smith if

he rented the vehicle and Smith stated his mother had.  The Deputy looked at the name on the paperwork and it was in Smith's name and rented on 3/21/23 in New Orleans, Louisiana.  During the conversation through the passenger window the Deputy noticed a faint smell of marijuana.  The Deputy asked Hills to exit the vehicle and asked where he was headed, Hills stated he was headed to check on his grandmother and aunt, but didn't know where it was, only that it was in Texas. The Deputy asked Hills where they were traveling from today, Hills stated Baton Rouge and that they had been there for a week and a half visiting family and had been to Lego Land in Florida and back to Baton Rouge. The Deputy found it odd that they had been in Baton Rouge for a week but had just rented the vehicle the day before.  The Deputy asked Hills if they were traveling with anything illegal today like firearms, illegal narcotics or large sums of currency, Hills stated they were not. The Deputy requested to search the vehicle, which Hills agreed to.

The Deputy also spoke to Smith about travel and Smith stated they had been in Orlando, Florida with the kids and were just leaving from there.  The Deputy asked from Florida?  Smith replied they flew from Orlando back to Baton Rouge and were now heading back.  The Deputy found it odd that they flew from Florida to Baton Rouge, to rent a car to drive back. The Deputy told Smith that Hills gave permission to search his bag and asked Smith if he could search his bag too. The Deputy asked Smith if there was any illegal in the vehicle, such as firearms, illegal narcotics, or large sums of currency, which Smith stated there was not. Smith was questioning the reason to searching the vehicle then denied the Deputy consent to search. The Deputy had Smith exit the vehicle and stand with Hills at the patrol car. While Smith was getting out of the vehicle, the

**Verified Complaint – Page 3**

deputy saw a large bulge in his pants pocket. The Deputy asked if he had anything on his person and he stated he had some money. The Deputy asked to see, and he removed a large bundle of currency held together with rubber bands from his pocket. When asked him how much money it was, Smith stated about $4,500.00.

At this point, the Deputy requested K9 assistance, and another Jefferson County Sheriff's Deputy arrived on scene and deployed a K9 who alerted a positive narcotic response to the vehicle.

During the search of the vehicle, the Deputies could smell marijuana had been in the vehicle. One of the Deputies found a duffle bag on the driver's side back seat. The Deputy searched and located the Defendant Currency rubber banded in different bundles inside a plastic bag that was inside of a large sock within the duffle bag as well as inside the side pockets of the same bag.  The Defendant Currency was held together with rubber bands in a manner that is consistent with narcotic trafficking.  The Deputy resumed searching the vehicle. While searching a suitcase from the rear cargo area, the Deputy located a Florida driver's license issued to Lorenzo Smith but the picture on the license the Deputy recognized to be Rondell Smith. The film was pulling off the license and could see the photo and the information was printed on the film and not the card. The Deputy believed it was a fake driver's license. Also found in the vehicle were airline receipts that show Smith had flown from New Orleans, Louisiana to Atlanta, GA on 3-14-23.

Hills has a prior criminal drug history. Hills does not have reported wage and earnings.

**Verified Complaint – Page 4**

Smith has a prior criminal drug history such as conspiracy to distribute cocaine and money laundering, where he served 6 years in prison. Smith does not have reported wage and earnings.

Due to the conflicting travel itinerary, finding a fake driver's license and how the Defendant Property was packaged, the Deputy believed the Defendant Currency is drug proceeds.

Potential Claimant

8. The only known potential claimant to the Defendant Property is:

Rondell Jerome Smith
Represented by Peter F. Doyle, Jr.
Attorney at Law
2901 Turtle Creek Dr., Suite 105
Port Arthur, Texas 77642; and

Byron Hills
16203 Fleethaven LN
Houston, Texas 77084

Claim for Relief

9. The United States respectfully requests that the Court forfeit the Defendant Property to the United States, award costs and disbursements in this action to the United States and order any other relief that the Court deems appropriate.

Respectfully submitted,

DAMIEN M. DIGGS
UNITED STATES ATTORNEY

 /s/ Michael W. Lockhart
MICHAEL W. LOCKHART
Assistant United States Attorney
Eastern District of Texas

        Texas Bar No. 12472200
        550 Fannin Street, Suite 1250
        Beaumont, Texas 77701
        (409) 839-2538
        (409) 839-2643 (fax)
        michael.lockhart@usdoj.gov

**Verified Complaint – Page 6**

## VERIFICATION PURSUANT TO 28 U.S.C. § 1746

I, Michael W. Lockhart, hereby state that:

1. I am an Assistant United States Attorney for the Eastern District of Texas.

2. I have read this Complaint, and the information contained herein is true and correct to the best of my knowledge.

3. The information contained in this Complaint comes from the official files and records of the United States and information received from law enforcement officers.

I state and verify under penalty of perjury that the foregoing is true and correct.

   /s/ Michael W. Lockhart
MICHEAL W. LOCKHART
Assistant United States Attorney

Dated: August 31, 2023.